**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 37217**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2011 Unpublished Opinion No. 329 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: January 24, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JUSTIN LEE DIBKEY, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael E. Wetherell, District Judge.

Appeal from order revoking probation and requiring execution of unified twelve-year sentence with three-year determinate term for attempted strangulation, dismissed

Molly J. Huskey, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge, LANSING, Judge
and GUTIERREZ, Judge

_____

PER CURIAM

Justin Lee Dibkey was convicted of attempted strangulation, Idaho Code § 18-923. The district court imposed a unified twelve-year sentence with a three-year determinate term, but retained jurisdiction. Following this period of retained jurisdiction, the district court entered an order retaining jurisdiction a second time. After Dibkey's second period of retained jurisdiction, the court entered an order suspending Dibkey's sentence and again placing him on probation. Subsequently, Dibkey admitted to violating several terms of the probation, and the district court consequently revoked probation and ordered execution of the original sentence. Dibkey appeals,

1

contending that the district court abused its discretion in revoking probation and that the sentence is excessive.

We consider first the State's argument that Dibkey can obtain no relief because the district court had no jurisdiction to retain jurisdiction a second time and hence no jurisdiction to place Dibkey on probation at the end of the second retained jurisdiction period. The State is correct.

The only authority for a trial court to place a defendant on a second period of retained jurisdiction within the same case is that provided in Idaho Code § 19-2601(4) which states, in part, "The court in its discretion may sentence a defendant to more than one (1) period of retained jurisdiction after a defendant has been placed on probation in a case." The Idaho Supreme Court recently held that this statutory provision does not empower a court to place a defendant on successive periods of retained jurisdiction without an intervening period of probation. *State v. Urrabazo*, ___ Idaho ___, ___ P.3d ___ (Dec. 23, 2010). The Court there said:

> The plain language of section 19-2601(4) unconditionally requires an intervening period of probation prior to ordering an additional period of retained jurisdiction. The provision only permits a court to sentence a defendant to a second rider "*after* a defendant has been placed on probation in a case." In other words, a court may retain jurisdiction for a second time only after sentencing the defendant to a period of probation.

The Supreme Court further held that this limitation on the trial court's power in section 19-2601(4) is jurisdictional, and therefore the district court's orders granting Urrabazo a second rider and relinquishing jurisdiction thereafter were void for want of subject matter jurisdiction. Consequently, the Supreme Court found Urrabazo's appeal to be untimely. The Court explained:

> Idaho Appellate Rule 14(a) states that an appeal in a criminal matter must be filed with the district court "within 42 days from the date evidenced by the filing stamp of the clerk of the court on any judgment or order of the district court appealable as a matter of right . . . ." I.A.R. 14(a). Additionally, this rule provides that "the time to file an appeal is enlarged by the length of time the district court actually retains jurisdiction pursuant to Idaho Code. When the court releases its retained jurisdiction . . . the time within which to file a notice of appeal shall commence to run." *Id.* As such, the time for filing an appeal in this case commenced with the district court's relinquishing jurisdiction over Urrabazo and Urrabazo had to file his appeal within 42 days of that time in order for the appeal to be timely. Because Urrabazo's appeal was not filed until September 8, 2006, it is untimely, and this Court will not consider the merits of the appeal.

2

Dibkey's case is indistinguishable from *Urrabazo*.  Therefore, his appeal is dismissed as untimely.